UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                              )
Eric and Nicole Demirdjian,         )         Chapter 7
    *Debtors*                       )         Case No.: 14-41122 (MSH)

## DEBTORS' MOTION TO DISMISS THEIR CHAPTER 7 BANKRUPTCY PETITION

COME NOW the Debtors, by and through counsel, pursuant to Bankruptcy Rule 1017 and 11 U.S.C. § 707(a), and respectfully request that their Chapter 7 bankruptcy petition be dismissed due to certain material misrepresentations and actions of Debtors' predecessor counsel. In further support, Debtors state as follows:

1. In January 2014, Debtors initiated contact with predecessor counsel to discuss filing a bankruptcy petition ("petition").[1]

2. Soon after the initial meeting, Debtors engaged predecessor counsel to secure bankruptcy relief for them.

3. Debtors completed their first credit counseling course on February 17, 2014.

4. During this period, Debtors resided in France. Debtors returned to the United States from France in order to meet with counsel and sign the petition.

5. On Saturday, March 1, 2014, Debtors met in person with predecessor counsel. During the meeting, Debtors verbally supplied answers to counsel's questions as counsel handwrote the petition. After counsel finished filling-in the petition by hand, Debtors reviewed and signed the signature page. Debtors never saw another version of the petition.

6. Following the March 1st meeting, it was Debtors' understanding that predecessor counsel would immediately file the petition with this Court.

---

[1] Debtors reside in France, but occasionally return to the United States. Mrs. Demirdjian met with predecessor counsel by telephone, and Mr. Demirdjian met with counsel in person.

1

7. Predecessor counsel did not. Rather, he waited, without explanation, until May 22, 2014 before filing the petition.

8. Between March 1st and May 22nd, predecessor counsel did not inquire of the Debtors whether any information or circumstances had substantially changed, nor did he inform the Debtors that he had delayed filing the petition. Counsel also failed to provide Debtors with a draft and/or copy of the typed petition that he eventually filed with this Court.

9. "11 U.S.C. 707(a) provides that a case under Chapter 7 may be dismissed for 'cause,' which the Code does not define." In the matter of Jorge Ortiz Romany & JG-24, Inc., 2006 Bankr. LEXIS 3807, *9 (Bankr. D. P.R. May 4, 2006).

10. "The prevailing view holds that a voluntary Chapter 7 debtor is entitled to dismissal of his case so long as such dismissal will cause no prejudice to interested parties." In re: Klein, 39 B.R. 530, 532 (Bankr. E.D.N.Y. 1984). "The burden of showing there is 'cause' for dismissal rests on the moving party..." In the matter of Jorge Ortiz Romany & JG-24, Inc., 2006 Bankr. LEXIS at *9-10.

11. At the time of filing, the petition contained several material errors as a result of predecessor counsel's mistakes and oversights, which were not known to Debtors at the time of filing, nor could they have appreciated the import of these errors. An overview of these omissions are follows.

12. First, during the two and a half month period between Debtors signing the petition and its filing, the Debtors' financial circumstances had changed. Beginning in February 2014, Mr. Demirdjian was hired for a two-month contract position. The contract was then extended to July 2014. However, the petition portrays Mr. Demirdjian as unemployed.

13. The Debtors squarely fell within the parameters of a Chapter 7 bankruptcy in February 2014. However, with Mr. Demirdjian's new and unanticipated income, Debtors' combined income exceeded the jurisdictional threshold as of May 2014 for a Chapter 7. However, counsel never discussed this concern with Debtors, or whether Chapter 13 would be a better option.

14. Second, predecessor counsel failed to solicit *any* necessary information from the Debtors in order to correctly complete the petition. Counsel completed the petition with verbal answers supplied by Debtors, who had no choice but to recite the answers from memory, as they were not advised to bring any documentation with them, nor did predecessor counsel ask for pay advices from Mrs. Demirdjian, bank statements, creditor statements, or the like. The only requested documents were tax returns.

15. Additionally, predecessor counsel failed to list all the information in the petition supplied by Debtors. For example, counsel failed to list all necessary expenses on Schedule J. One of the most glaring errors is the listed value of "$0.00" for "7. Food and housekeeping supplies" despite the Debtors' household size of four (4).

16. Third, predecessor counsel filed the petition for Chapter 7 bankruptcy relief despite Schedule J indicating a positive net income of $970.00 after deducting expenses from the Debtors' monthly income.

17. Fourth, predecessor counsel knowingly entered the signing dates listed on the filed Signature page and Declaration Re: Electronic Filing as: "05/21/2014," even though Debtors signed the petition on March 1, 2014.

18. Fifth, predecessor counsel never informed the Court and creditors after filing that Debtors' new residential address is in France. Rather, predecessor counsel allowed this Court and creditors to think that Debtors were still residing in Concord, Massachusetts.

19. Sixth, in preparation for the Debtors' Meeting of Trustees, the Debtors suggest they were instructed to downplay the values and status of certain assets.[2]

20. While Debtors are required to review the petition for accuracy and completeness, and sign the documents under the pains and penalties of perjury, the Debtors relied on the

---

[2] Should this Court deem it appropriate, Debtors and current counsel are prepared to disclose the referenced legal advice *in camera*.

3

bankruptcy experience, knowledge, and expertise of predecessor counsel to advise them of their rights, draft and file a competent petition, and guide them through the bankruptcy process.

21. As a result of predecessor counsel's actions and numerous omissions, Debtors have been made to appear as though they are attempting to mislead this Court. They have been victimized by predecessor counsel's actions and advice, and will be unable to receive a Chapter 7 discharge. Furthermore, Debtors have been placed in jeopardy arising from substantial and avoidable petition errors. To force Debtors to continue with this bankruptcy would be unjust.

22. Debtors have reviewed converting their proceeding to one under Chapter 13. Unfortunately, based on the Debtors' current combined income, the proposed Chapter 13 Plan payments are beyond the scope of what Debtors could realistically afford.

23. For at least one year prior to meeting with predecessor counsel, Mr. Demirdjian had no income. He received a contract position in February, which will be ending as of July 15th. Based on the income earned during Mr. Demirdjian's contract and the continued income of Mrs. Demirdjian, it is their expectation they will be able to satisfy the debts owed to the credit card companies.

THEREFORE, based on the reasons provided above, Debtors respectfully request that their Chapter 7 bankruptcy is voluntarily dismissed.

The Debtors,
By their counsel,

Date: July 10, 2014

/s/ Ira H. Grolman (556709)
Donahue Grolman & Earle
321 Columbus Avenue
Boston, MA 02116
(617) 859-8966

CERTIFICATE OF SERVICE

I, Ira H. Grolman, state that on 10 July, 2014, I filed electronically the foregoing Debtors' Motion to Dismiss Their Chapter 7 Bankruptcy Petition with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF system. I served the referenced document on the following CM/ECF participants:

Richard King, Esq.
Assistant U.S. Trustee
Office of the U.S. Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

John A. Burdick, Esq.
P.O. Box 101
Paxton, MA 01612

Harvey W. Levin, Esq.
Law Office of Harvey W. Levin
23 Central Ave., Suite 416
Lynn, MA 01901

Green Tree Servicing LLC
c/o Richard T. Mulligan, Esq.
Harmon Law Offices, P.C.
150 California Street
Newton Highlands, MA 02458

Riverside of Concord Condominium Trust
c/o Laura White Brandow, Esq.
Marcus, Errico, Emmer & Brooks, P.C.
45 Braintree Hill Park, Suite 107
Braintree, MA 02184

And by first-class mail, postage prepaid, on the attached list of creditors.

/s/ Ira H. Grolman (556709)
Donahue Grolman & Earle
321 Columbus Avenue
Boston, MA 02116
(617) 859-8966

American Express
P.O. Box 297871
Fort Lauderdale, FL 33329

Bank of America
P.O. Box 982235
El Paso, TX 79998

Santander Bank NA
15 Westminster Street
Providence, RI 02903